**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:25-cv-_____

JACKIE SEEGMILLER, an individual, SHELLEY DONAHUE, an individual, and
AMBER DONAHUE, an individual,

**Plaintiffs**

v.

SFH ENTERPRISES, L.L.C., d/b/a Cleopatra's Bar & Grill;
APACHE FALLS APARTMENTS, LLC; MINERS PLAZA, LLC; and
SAMER FAROUQ AL-HUSSARI, an individual,

**Defendants.**

---

**COMPLAINT**

---

**INTRODUCTION**

1. Plaintiffs Jackie Seegmiller, Shelley Donahue, and Amber Donahue ("Plaintiffs") worked as bartenders for Defendants' tavern for several years each. During their tenures, Defendants paid the Plaintiffs less than the applicable minimum wage, improperly retained some of their tips, made other improper deductions to their pay, failed to pay them for all compensable hours, did not pay them overtime, and failed to provide meal and rest breaks as required by state law.

2. Plaintiffs bring this action, by and through their attorneys, against Defendants SFH Enterprises, L.L.C., d/b/a Cleopatra's Bar & Grill; Apache Falls Apartments, LLC; Miners Plaza, LLC; and Samer Hussari, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA"). Plaintiffs also bring claims for civil theft pursuant to the COMPS provision that wage underpayments of the kind at issue here "are theft." Plaintiffs also bring a fraudulent reporting of information return claim based on Defendants' intentional failures to correctly report wage payment information on tax forms issued to Plaintiffs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' bar located at 6045 W Alameda Ave, #104, Lakewood, CO 80226, and the individual Defendant named herein resides in this district.

## PARTIES

### Corporate Entity Defendants & Related Entities

6. Defendant **SFH Enterprises, L.L.C.** (hereinafter "SFH") is an LLC doing business within Jefferson County, whose principal place of business is located at 6045 W Alameda Ave, #104, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer F Al-Hussari at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

7. Defendant SFH operates Cleopatra's Bar & Grill, which is a tavern or bar with full kitchen located at 6045 W Alameda Ave, #104, Lakewood, CO 80226. SFH holds the liquor license and Cigar/Tobacco license for Cleopatra's. Plaintiffs all worked at the Cleopatra's establishment.

8. Defendant **Apache Falls Apartments, LLC** is an LLC doing business within Jefferson County, whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, Ste 103, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer F Al-Hussari at the same address.

9. Defendants not infrequently paid Plaintiffs for their work at Cleopatra's on checks bearing the Apache Falls Apartments, LLC name, and issued tax forms to Plaintiffs from that entity.

10. Defendant **Miners Plaza, LLC** is an LLC doing business within Jefferson County, whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, #103, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer Farouq Hussari at the same address.

11. Defendants also regularly paid Plaintiffs for their work at Cleopatra's on checks bearing the Miners Plaza LLC name.

12. Defendant Hussari is also affiliated with a number of other corporate entities, as follows.

13. **Hussari Enterprises, Inc.** is a corporation in delinquent status that has done business within Jefferson County, also at 6045 W Alameda Ave, Suite 103, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer F Al-Hussari at the same address.

14. **Molly Brown Apartments LLC** is an LLC whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, Ste 103, Lakewood, CO 80226. Its

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

registered agent is listed with the Colorado Department of State as Samer F Hussari at the same address.

15. **Eureeka Condominiums LLC** is an LLC whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, Ste 104, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer F Hussari at the same address.

16. **Baby Doe Shoppette LLC** is an LLC whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, Ste 103, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer F. Hussari at the same address.

17. **Royal Gorge Apartments LLC** is an LLC whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, Ste 104, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer F Hussari at the same address.

18. **All Star Executive Center, LLC** is an LLC whose principal place of business is listed with the Secretary of State as 6045 W Alameda Ave, # 103, Lakewood, CO 80226. Its registered agent is listed with the Colorado Department of State as Samer Farouq Hussari at the same address.

19. All Star Executive Center, LLC owns the shopping center located at 6045 W Alameda Ave, Lakewood, CO 80226, in which Cleopatra's is located.

20. Defendant Hussari owns (in part or in full, directly or indirectly) all of the nine companies listed above.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Seegmiller v. Hussari Enterprises, Inc. d/b/a Cleopatra's Bar & Grill*
USDC, District of Colorado

Complaint
Page 4

21. Apache Falls Apartments, LLC and Miners Plaza, LLC are joint employers of the Plaintiffs along with Defendant Hussari and SFH; otherwise why would they have issued wage payments to them?

22. At all relevant times, some or all of the listed companies' business activities have been related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Defendants, individually and/or their "enterprise," had annual gross revenues in excess of $500,000.

24. At all relevant times, Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. Cleopatra's purchases supplies, equipment, and other necessary items to run its restaurant and bar to serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Defendant Cleopatra's Bar & Grill also accepts payments by credit cards and, upon information and belief, utilizes internet lines to accept and transmit payments.

26. At all times material to this action, Defendant Cleopatra's Bar & Grill was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant Samer F Al-Hussari**

27. Defendant Samer ("Sam") Farouq Al-Hussari (hereinafter "Hussari"), an individual, resides in Colorado.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

28. At all times material to this action, Defendant Hussari actively participated in the business of Cleopatra's.

29. Defendant Hussari is the owner of SFH.

30. At all times material to this action, Defendant Hussari exercised substantial control over the functions of the company's employees including Plaintiffs. For example, Defendant Hussari had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. He signed their paychecks and wrote out and tallied their time records used to compute pay amounts. He also made the decisions about when and how much to make deductions from their pay.

31. At all times material to this action, Defendant Hussari was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

## All Plaintiffs

32.  At all times material to this action, Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

33. Plaintiffs individually interacted in "commerce." For example, in addition to serving Colorado-made products such as Coors beers, the bar offered beverages and food products produced throughout the country and the world. Plaintiffs also used cleaning products produced in commerce. When they accepted payments, it was most commonly using customers' credit cards whose transactions were transmitted over the internet or phone lines.

34. Plaintiffs' day to day supervisor and boss was Defendant Hussari.

35. Plaintiffs were not expected to record their time worked in the sense of clocking in and out.

36. Defendants paid the Plaintiffs less than the applicable minimum wage, as more fully

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

described below.

37. Defendants never provided Plaintiffs with notice of any tip credit claimed by the Defendants.

38. Defendants never informed Plaintiffs of the tip credit provisions under Federal or State law.

39. Defendants did not provide Plaintiffs with any documentation relating to daily and/or weekly tips earned.

40. Defendants improperly retained some of Plaintiffs' tips, particularly those charged to credit cards.

41. Defendants made other deductions to Plaintiffs' pay for things like alleged till shortages, and alleged waste of beverages.

42. Defendants failed to pay Plaintiffs for all compensable hours. As an example, Defendant Hussari would hand write down the Plaintiffs' shift times to calculate hourly pay but would not include the time that they spent after the bar had closed to clean up.

43. While Plaintiffs did not work a lot of overtime hours, when they did, Defendants only paid them at their "straight time" rates.

44. Plaintiffs generally did not get a meal break of 30 minutes or more relieved of all duties.

45. Plaintiffs generally did not get bona fide rest breaks.

46. Defendants acted willfully to deny the Plaintiffs the wages that they are rightfully owed. Defendants paid them below the minimum wage, withheld their tips, paid them incorrectly for overtime hours, did not pay them for mandatory meetings and team cleanings, did not provide meal or rest periods, and made impermissible deductions from their wages. Defendants failed to show diligence in regard to several clear statutory requirements

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Seegmiller v. Hussari Enterprises, Inc. d/b/a Cleopatra's Bar & Grill*
USDC, District of Colorado

regarding their wages and showed a reckless disregard of their obligations under the law. They knew or should have known of their various requirement to pay Plaintiffs correctly.

**Plaintiff Jackie Seegmiller**

47. Plaintiff Jackie Seegmiller is a resident of Wheat Ridge, Colorado.

48. Plaintiff Seegmiller worked for Cleopatra's Bar & Grill as a bartender from April 1, 2021, until June 30, 2024, or thereabouts.

49. For her first month of work, Plaintiff Seegmiller was paid only in tips. After that, she started getting paid $6.00 per hour plus tips. In August of 2023, she started getting paid per shift at the rate of $80 per full shift (~12 hours), or $60 or $40 for a shorter shift. At the beginning of 2024, her pay was converted to an hourly rate of $11.00.

50. Plaintiff Seegmiller typically worked Tuesday, Friday, and Saturday from 4 pm until 4 am.

51. For the entirety of her employment, Ms. Seegmiller was paid less than the applicable minimum wage under Colorado law. Even though she received tips, the company was not entitled to take a "tip credit" and therefore owes her for the full Colorado minimum wage for all hours worked. (Further, even if the employer had been entitled to take the tip credit, she was still paid less than even the tipped minimum wage rate.)

52. Ms. Seegmiller was not paid for all of the hours that she worked. She regularly worked from close at 2am until 4am cleaning and closing the bar, and for the majority of her employment was not paid for this time. For some of her employment, she was paid for an hour of this work, from 2am until 3am. Further, she was required to attend mandatory meetings and cleanings of the bar for which she was never paid. Ms. Seegmiller estimates that these mandatory meetings and cleaning sessions amounted to around 100 hours during her employment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

53. Defendants made impermissible deductions from Plaintiff Seegmiller's pay. Defendants regularly deducted $50 to $100 from her paychecks for purported problems with the drink pouring system, problems with the POS system, money allegedly missing from the register, and when tabs were left open at close. Further, she, along with the other two plaintiffs, had to pay for a security guard for the bar out of their tips after they were almost assaulted and robbed when closing the bar.

54. Although it did not happen frequently, Plaintiff Seegmiller occasionally worked more than 40 hours in a week but was not paid at all for any hours past 40, much less at an overtime rate.

**Plaintiff Shelley Donahue**

55. Plaintiff Shelley Donahue ("Shelley") is a resident of Wheat Ridge, Colorado.

56. Shelley worked for Cleopatra's Bar & Grill as a bartender from January 1, 2017, to January 1, 2022, or thereabouts.[1]

57. Shelley's rate of pay was $6.00 per hour plus tips for the entirety of her employment. This rate was at all times below the correct minimum wage.

58. She typically worked Friday from 2pm until 7pm, and Saturday and Sunday from 10am until 7pm. On rare occasions she worked more than 40 hours per week, but typically she worked about 23 hours per week.

59. Like Ms. Seegmiller, Shelley was never paid at or above the applicable tipped minimum wage rate. She was also required to attend mandatory meetings and team cleanings Cleopatra's for which she was not paid. Ms. Donahue also frequently had deductions made

---

[1] The applicable statute of limitation period for her state law claims is six years, but Plaintiff also notes that Plaintiffs intend to file a motion for equitable tolling.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

from her paychecks for what her employer claimed were errors in balancing the registers. Ms. Donahue was never provided with any meal or rest periods during her employment. Further, on the rare occasion that she did work more than 40 hours per week, she was paid at her normal hourly rate instead of her overtime rate of one and one-half times her hourly rate.

## Plaintiff Amber Donahue

60. Plaintiff Amber Donahue ("Amber") is a resident of Lakewood, Colorado.

61. Plaintiff Amber Donahue worked for Cleopatra's Bar & Grill as a bartender from August 1, 2019, until July 1, 2024, or thereabouts.

62. Her rate of pay started at $6.00 per hour plus tips until October of 2022, at which point it was increased to $8.00 per hour plus tips. About one year after that raise, her rate was increased again to $12.50 per hour plus tips.

63. Amber regularly worked from Wednesday through Sunday, although occasionally her days varied and she worked fewer days per week. She often worked from 4 pm until 4 am although sometimes her shifts started earlier than 4 pm and ended before 4 am. Her schedule resulted in a typical week consisting of somewhere around 36 hours of work, although some weeks she worked fewer hours and some more.

64. Amber was paid below the minimum wage for her first three years of employment before she was given a raise to $12.50 per hour. She also was not paid overtime for her hours worked over 40 in the week or 12 in the day. She was subject to significant impermissible deductions from her pay, an estimated $200-$300 biweekly. She was also required to attend mandatory meetings and team cleanings for which she was never paid.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

65. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

66. Defendants failed to compensate Plaintiffs at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

67. Defendants failed to pay Plaintiffs the minimum wage for all hours worked, in violation of the FLSA.

*Improper Tip Practices*

68. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiffs, thereby abnegating any entitlement to a tip credit.

*Record-Keeping Failures*

69. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

70. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Seegmiller v. Hussari Enterprises, Inc. d/b/a Cleopatra's Bar & Grill*
USDC, District of Colorado

Complaint
Page 11

71. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, and tips.  In paying Plaintiffs in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

72. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

73. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, tips, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

74. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

75. Since 3/16/2020 when the law changed, the Defendants have been Plaintiffs' "employers" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

76. Prior to that, Defendants were Plaintiffs' "employer" as that term is defined by the applicable Wage Order: Defendants employed the Plaintiffs in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

77. Plaintiffs were Defendants' "employees" as that term is defined by the Wage Orders / COMPS because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

(Violation of the C.R.S. § 8-6-101 *et seq.*; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)

78. The Defendants failed to pay Plaintiffs at a rate at or above the applicable minimum wage rate for all hours worked in the workweek, as alleged with specificity above.

### Failure to Pay Weekly Overtime Premiums
(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))

79. Plaintiffs work more than 40 hours at least some workweeks.

80. Defendants do not pay the Plaintiffs overtime premiums for hours worked over 40 in each workweek.

81. As a result, Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

82. Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

83. Defendants violated the CWA as implemented by the Wage Orders/COMPS, when they failed to pay the Plaintiffs' overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

84. For any and all time worked by all Plaintiffs, or to be credited to all Plaintiffs during a workweek, Plaintiffs are entitled to pay at their regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay Wages When Due
(Violation of the C.R.S. § 8-6-103)

85. The Defendants failed to pay Plaintiffs all their earned wages when due.

86. Specifically, as alleged above, Defendants paid the Plaintiffs less than the applicable minimum wage, improperly retained some of their tips, made other improper deductions to their pay, failed to pay them for all compensable hours, did not pay them overtime,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Seegmiller v. Hussari Enterprises, Inc. d/b/a Cleopatra's Bar & Grill*
USDC, District of Colorado

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

87. Plaintiffs has been separated from employment with Defendants.

88. Defendants have failed to pay Plaintiffs all their wages and compensation earned during Plaintiffs' employment.

89. Specifically, as alleged above, Defendants paid the Plaintiffs less than the applicable minimum wage, improperly retained some of their tips, made other improper deductions to their pay, failed to pay them for all compensable hours, did not pay them overtime,

### Improper Deductions
**(Violation of the C.R.S. § 8-4-105)**

90. The Defendant made deductions from Plaintiffs' wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

91. Specifically, as alleged above, Defendants made deductions for things like problems with the drink pouring system, problems with the POS system, money allegedly missing from the register, and when tabs were left open at close.

### Improper Payment of Tips
**(Violation of the C.R.S. § 8-4-103(6); Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1(10))**

92. The Defendants denied Plaintiffs the presents, tips, or gratuities intended for them.

### Denial of Mandatory Rest Periods
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

93. Defendants did not pay Plaintiffs for all of their time worked under Colorado law because they did not provide Plaintiffs with 30 minute duty-free paid meal breaks for each five hours of work Plaintiffs performed. Wage Order/COMPS 7 C.C.R. 1103-1(7).

94. Defendants did not pay Plaintiffs for all of their time worked under Colorado law because they did not provide Plaintiffs with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order/COMPS 7 C.C.R. 1103-1(8).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Seegmiller v. Hussari Enterprises, Inc. d/b/a Cleopatra's Bar & Grill*
USDC, District of Colorado

Complaint
Page 14

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

95. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated October 9, 2024.

96. By checks dated October 31, 2024, Defendants tendered payment to Plaintiffs' counsel in the aggregate amount of $11,591.67 in response to this demand.

97. This amount was tendered more than 14 days after October 9, 2024, and is also in an amount significantly less than Plaintiffs are owed for their underpaid wages.

98. Therefore, Defendant owes plaintiffs statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

99. Defendants failed to maintain a true and accurate record for each employee, including Plaintiffs, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

100. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiffs for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order/COMPS 7 C.C.R. 1103-1(12)).

### *Damages*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

101.    Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**FRAUDULENT REPORTING**

102.    Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

103.    Defendant willfully filed a fraudulent information return with respect to payments purported to be made to Plaintiffs. 26 U.S.C. 7434(a)

104.    Therefore, Defendant is liable to the Plaintiffs in an amount equal to the greater of $5,000 or the sum of'' actual damages, costs, and attorney's fees. 26 U.S.C. § 7434(b)

**As And For A Fourth Cause of Action:**
**CONVERSION/ THEFT OF SERVICES**

105.    Plaintiffs realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

106.    Pursuant to COMPS #36*ff*, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

107.    By failing to pay the Plaintiffs all of their wages or compensation, Defendants have committed theft of services.

108.    Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiffs for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

(A)    Award Plaintiffs unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)    Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)    Award Plaintiffs statutory damages as provided for the CWCA; and

(D)    Award Plaintiffs an amount equal to the greater of $5,000 or the sum of actual damages, costs, and attorney's fees caused by Defendants' fraudulent reporting activities; and

(E)    Award Plaintiffs interest; and

(F)    Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(G)    Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Respectfully submitted, this **16th** day of **January 2025.**

ANDERSONDODSON, P.C.


*s/ Penn Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

Attorneys for Plaintiffs

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Seegmiller v. Hussari Enterprises, Inc. d/b/a Cleopatra's Bar & Grill*
USDC, District of Colorado

Complaint
Page 18